For plaintiff: Ernest L. Shein.

For defendant: Morris Berick.

---

The Centredale Worsted Mills
vs.
Fred Jewett

W. C. A. No. 1446

February 10, 1933

SUMNER, J. The petitioner, paying a compensation to the respondent in accordance with an agreement entered into by them, now claims that the agreement was entered into under a mutual mistake of law and that the injury to the respondent was due to

the occupation in which he was engaged and cannot be ascribed to any specific accident, and accordingly asks for relief from the agreement.

The petition of the respondent for a commutation of payments was not pressed.

The agreement was evidently signed under the mutual belief of the parties that the trouble from which the respondent was suffering, namely, dermatitis, came within the provisions of the Workmen's Compensation Act.

Cyc., vol, 26, p. 1185, says:

"A servant assumes all the risks which are necessarily incident to his employment or which are obvious and known to him."

It was understood that the disease had come on gradually and no specific accident was claimed. The question is whether an agreement such as this, made between parties under a mutual mistake as to the law, is binding.

The New Jersey case of *O'Brien* vs. *Scandinavian &c.*, 94 N. J. Law 247, (where there was a lack of jurisdiction under the State law for the agreement) decided that the parties to the agreement were bound notwithstanding their mutual mistake.

Mr. Justice Tanner, in a somewhat similar case (*Michael Duffy* vs. *The Providence Teaming Co.*, R. I., Dec 3, 132), held that the agreement of the parties could not be enforced.

In the case of *Carpenter* vs. *Detroit Forging Co.*, 191 Mich. 45 at page 53, the Court said:

"Ordinarily one cannot successfully ask for affirmative relief on the bare ground that he was either ignorant of the law, or mistaken as to what it prescribed. But it is now well settled that this rule is not invariably to be applied. In many cases where injustice would be done by its enforcement, this has been avoided by declaring that the mistake as to the existence of certain particular rights, though caused by an erroneous idea as to the legal effect of an instrument, or as to the duties or obligations created by an agreement, was really a mistake of fact, and not strictly one of law, and so did not constitute an insuperable bar to relief."

It also says:

"The rule is that a release may be rescinded for a mutual mistake of law,"

and cites *Kirchner* vs. *Sewing Machine Co.*, 135 N. Y. 182.

In *Reggio* vs. *Warren*, 207 Mass. 525 at page 534, the Court said: "It has been said that the important question was not whether the mistake was one of law or fact, but whether the particular mistake was such as a court of equity will correct, and this depends upon whether the case falls within the fundamental principle of equity that no one shall be allowed to enrich himself unjustly at the expense of another by reason of an innocent mistake of law or of fact entertained by both parties."

In the instant case, the respondent is now apparently a chronic alcoholic. His vision is greatly impaired, he has a hernia and heart trouble, none of which ills can be ascribed to the dermatitis. He has apparently failed to take care of himself and use reasonable efforts to cure or help his dermatitis.

The Workmen's Compensation Act is in the nature of an equity proceeding and the conduct of the respondent has not been fair to petitioner and comes under the rule above given in the Massachusetts case.

The petitioner is entitled to relief and the payments should be terminated.

Petitioner's attorneys: Messrs. Henshaw, Lindemuth & Baker.

Respondent's attorney: Stephen J. Casey.